IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LOUIS HOLLOWAY                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 2:18-cv-117-KS-MTP

MARION COUNTY, MISSISSIPPI, ET AL.                                                  DEFENDANTS

**ORDER**

THIS MATTER is before the Court on the Motion to Set Aside Order [17] filed by Plaintiff and the Motion for Discovery Protection [20] filed by Defendants. Having considered the parties' submissions and the applicable law, the Court finds that the Motion to Set Aside Order [17] should be denied and the Motion for Discovery Protection [20] should be denied as moot.

**Motion to Set Aside Order [17]**

On August 20, 2018, Defendants Sherry Pendarvis and Laura Stogner filed a Motion for Judgment on the Pleadings [13], asserting that they are entitled to qualified immunity. Thereafter, these Defendants filed a Motion for Stay [15], requesting that all discovery and disclosure requirements be stayed pending resolution of the Motion for Judgment on the Pleadings [13]. On August 24, 2018, the Court granted the Motion [15] and stayed all discovery and disclosure requirements. *See* Order [16]

Thereafter, Plaintiff filed a Motion to Set Aside Order [17], arguing that discovery is necessary and requesting that the Court set aside its Order [16] staying discovery. Plaintiff argues that he should be allowed to conduct discovery regarding the employment status of Defendants Pendarvis and Stogner. Plaintiff also argues that he should be allowed to conduct

discovery concerning his claims against Marion County and his state-law claims against Defendants Pendarvis and Stogner.

Rule 16(b)(3)(B) of the Local Uniform Civil Rules provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

Pursuant to Local Rule 16(b)(3)(B), the Court stayed all discovery in this action. The Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense" *Backe v. LeBlanc*, 691 F.3d 645, 647-48 (5th Cir. 2012).

> First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts.

*Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (internal quotations and citations omitted).

Defendants' Motion for Judgment on the Pleadings [13] tests the sufficiency of the allegations in Plaintiff's Amended Compliant [2]. Absent a finding by the District Judge that discovery is necessary to uncover facts needed to rule on the pending Motion, the discovery stay should remain in place. At this time, discovery should not proceed on issues related to qualified immunity or proceed on issues relating to Plaintiff's claims against Marion County or state-law

claims. *See Patterson v. McComb, MS*, 2018 WL 4471778, at *2 (S.D. Miss. Sept. 18, 2018); *Imani v. City of Baton Rouge*, 2018 WL 2208221, at *4 (M.D. La. May 14, 2018).

**Motion for Discovery Protection [20]**

On August 31, 2018, Defendants Pendarvis, Stogner, and Marion County filed a Motion [20], requesting that the Court stay all discovery pending the Court's ruling on their Motion for Judgment on the Pleadings as the State Law Claims [18]. The Court, however, had previously stayed all discovery and disclosure requirements. *See* Order [16]. Accordingly, this Motion [20] will be denied as moot.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Set Aside Order [17] is DENIED.

2. Defendants' Motion for Discovery Protection [20] is DENIED as moot.

SO ORDERED this the 12th day of October, 2018.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
